### The PEOPLE OF the STATE OF CALIFORNIA
### v.
### BELTZ TRAVEL SERVICE, INC., et al.
### No. C–74–1369 ACW.

United States District Court,
N. D. California.
July 24, 1974.

---

Dennis Alan Lempert, Deputy Dist. Atty., San Jose, Cal., for plaintiff.

Sedgwick, Detert, Moran & Arnold, David E. Bordon, San Francisco, Cal., for Beltz Travel Service, Charles L. Beltz, David Norwitt and Helen Kelterborne.

Cooper, White & Cooper, William J. Dowling III, San Francisco, Cal., for Continental Air Lines, Inc.

O'Melveny & Myers, James W. Colbert III, Los Angeles, Cal., for Air Traffic Conference of America.

Darling, Hall, Rae & Gute, Donald K. Hall, Los Angeles, Cal., for Western Air Lines, Inc.

Dinkelspiel, Pelavin, Steefel & Levitt, Richard C. Dinkelspiel, San Francisco, Cal., for Mexicana Airlines.

MacDonald, Halsted & Laybourne, Thomas Curtiss, Jr., Los Angeles, Cal., for Aero-Mexico.

Bronson, Bronson & McKinnon, Edwin W. Green, San Francisco, Cal., for Trans World Airlines, Inc.

Lillick, McHose, Wheat & Charles, Robert E. Fremlin, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for Air France.

## ORDER REMANDING CASE

WOLLENBERG, District Judge.

District Attorneys for eight counties brought this action in the Superior Court of Santa Clara County against a number of airlines and travel services. The complaint alleges Defendants committed various acts violating Cal.Civ Code § 3369 (West Supp.1974). Section 3369 creates an action against persons or businesses engaged in unfair competition, which is defined to include unlawful acts. As part of their claim, Plaintiffs allege various violations of federal statutes and regulations. Claiming the allegations of federal law violations state a federal cause of action, Defendants removed the case from state to federal court, 28 U.S.C. § 1441, and Plaintiffs move to remand the case to state court pursuant to 28 U.S.C. § 1447(c).

Defendants claim federal jurisdiction is proper because while relief is sought under a California consumer protection statute, Plaintiffs cannot prevail on the merits without establishing their claim, expressly made in the complaint, that Defendants are violating federal law.

The question presented by the motion to remand is whether the complaint states a claim within the original jurisdiction of this Court.

■ Removal jurisdiction is not intended as a device for easing into federal court claims which could not have been brought there initially. The Court's removal jurisdiction under section 1441 is "keyed" to its original jurisdiction under section 1331. 1A Moore's Federal Practice ¶ 0.157[5] (2d ed. 1965). Article III of the Constitution limits the Court's jurisdiction to "cases" and "controversies", and the concept of standing serves to ensure that this constitutional limitation is respected. *See generally* Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Unless the plaintiff bringing an action satisfies the requirements of standing, the Court is without jurisdiction to decide the lawsuit.

■■ This is a novel case because while standing appears expressly conferred upon Plaintiffs to bring their action in state courts, Cal. Civil Code § 3369(5), standing to bring the same suit in federal court is questionable. The jurisdiction of federal courts—and removal jurisdiction in particular—is the product of federal statute, and the states lack the power either to expand or limit the scope of that jurisdiction. Whether the complaint in this case states a claim which may be maintained in federal court must, therefore, be determined without regard to the state statute authorizing the suit in state court.

Defendants rely on Fitzgerald v. Pan American World Airways, 229 F.2d 499 (2d Cir. 1956), as authority recognizing a private cause of action in federal court based on a violation of a federal regulatory statute. In *Fitzgerald* federal law made it a criminal offense to discriminate against airline passengers on the basis of race. The Second Circuit held that by inference a private civil action could be brought in federal court by a person against whom an airline had discriminated on the basis of race.

■ In the present case Plaintiffs do not allege that they were personally injured, but claim a derivative right under section 3369(5) to sue on behalf of persons who did suffer such injury. Such a derivative right created by state law cannot confer upon Plaintiffs the right to sue in federal court because a state may not extend the jurisdiction of a federal court to where it did not previously exist.[1]

While acts of unfair competition which are the target of section 3369 may damage the economy of the state, such damage is not sufficiently direct to justify inference of an action from the federal regulatory statutes in question here, 49 U.S.C. §§ 1373 and 1472. Hawaii v. Standard Oil Co. of California, 431 F.2d 1282 (9th Cir. 1970), aff'd 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972).

While persons directly injured by violations of the federal regulatory statutes cited in the complaint would be entitled to maintain an action in federal court based on those violations, Fitzgerald v. Pan American World Airways, *supra*, Plaintiffs in the present action lack standing to vindicate the statutory rights of individuals. State Protection of Its Economy and Environment: Parens Patriae Suits for Damages, 6 Columbia J. of Law & Social Probs. 411, 412 n.13 (1970), and cases cited therein. Whether these Plaintiffs would be entitled to maintain a class action on behalf of the persons injured by the statute is not before the Court because there is no class action allegation in the complaint. 7A Wright & Miller, Federal Practice & Procedure § 1782 at 98 (1972).

Since Plaintiffs lack standing to maintain an action in federal court based on the federal issues raised in the complaint, the case was improperly re-

---

1. *But see* 1A Moore's Federal Practice ¶ 0.157 [2], at 81–82 (2d ed. 1965), for a discussion of how state domestication of corporations could incidentally affect federal court jurisdiction.

moved from state court. Accordingly, it is hereby ordered that this case be remanded to the state court in which it was filed.