**Bernard B. NEBENZAHL, James A. Kohn, and Nebenzahl and Kohn, a partnership, Plaintiffs-Appellants,**

v.

**CREDIT SUISSE, a Swiss banking corporation, Bank Hapoalim, a foreign banking corporation, and Bank Hapoalim, a Swiss banking corporation, Defendants-Appellees.**

No. 82–5211.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1982.

Decided May 10, 1983.

Richard H. Floum, Dern, Mason, Swerdlow & Floum, Los Angeles, Cal., for plaintiffs-appellants.

Pamela Rymer, Toy & Rymer, Richard Burdge, Lillick, McHose & Charles, George E. King, Los Angeles, Cal., for defendants-appellees.

Before SNEED, SKOPIL, and BOOCHEVER, Circuit Judges.

SKOPIL, Circuit Judge:

Appellants Bernard B. Nebenzahl and James A. Kohn appeal the order of the district court granting appellee Credit Suisse's motion to dismiss on the grounds of forum non conveniens.

---

## FACTS

The appellants, residents of Los Angeles, California, transmitted funds to appellee, Credit Suisse, a Swiss corporation. The funds were transferred by intermediaries, Bank Hapoalim (Israel) and Bank Hapoalim (Switzerland). Appellants claim that the funds were improperly placed in a single signature account rather than a joint account, contrary to their written instructions. The funds were subsequently withdrawn and made unavailable to appellants.

The appellants filed suit in the district court for the Central District of California. Appellee Credit Suisse moved for dismissal on forum non conveniens grounds, claiming Switzerland to be the appropriate forum. The district court granted the motion, and entered the order without explicitly weighing the appropriate private and public interests.

## FACTORS TO CONSIDER

 In *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court enumerated several private and public interests to be weighed by the trial court in determining the propriety of dismissal on forum non conveniens grounds. The factors enumerated in *Gilbert* and relevant to this action are:

1. *Private interests*
 (a) relative ease of access to sources of proof;
 (b) availability of compulsory process for attendance of unwilling witnesses; and
 (c) cost of obtaining attendance of willing witnesses.
2. *Public interests*
 (a) administrative difficulties from congestion when litigation is not handled at its origin;
 (b) imposition of jury duty on people of a community which has no relation to the litigation;
 (c) local interest in having localized controversies decided at home; and
 (d) having diversity cases tried in a forum that is at home with the law that must govern the case.

*Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843.

## BURDEN

In addition to the *Gulf* factors, this circuit has suggested that a defendant seeking forum non conveniens dismissal must carry an "almost impossible burden in order to deny a citizen access to the courts of this country." *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.,* 556 F.2d 975, 977 (9th Cir.1977), *cert. denied,* 436 U.S. 1035, 98 S.Ct. 770, 54 L.Ed.2d 783 (1978). The court held, nevertheless, that a United States citizen has no absolute right to sue in a United States court, and that applications of the forum non conveniens doctrine affords wide discretion to the district court.

## STANDARD OF REVIEW

[2, 3] Upon review, this court must determine whether or not the district court abused its discretion. This inquiry rests upon "whether the court properly weighed the 'factors' enumerated in *Gulf Oil....*" *Miskow v. Boeing Co.,* 664 F.2d 205, 207 (9th Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1717, 72 L.Ed.2d 138 (1982). From the present order, it is virtually impossible to establish which factors the district court considered and the weight it accorded to such factors. The complexity of forum non conveniens motions mandates a thorough analysis at the trial level. *See, e.g., Pain v. United Technologies Corp.,* 637 F.2d 775, 784–85 (D.C.Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

Accordingly, we REVERSE and REMAND to the district court for entry of a written order consistent with the requirements set forth above. This panel retains jurisdiction over future appeals.