**PELLEPORT INVESTORS, INC., a corporation, Plaintiff-Appellee,**

v.

**BUDCO QUALITY THEATRES, INC., a corporation, doing business as Budco, Inc., Defendant-Appellant,**

and

**Does 1 through 100, Defendants.**

**BUDCO QUALITY THEATRES, INC., Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,**

**Pelleport Investors, Inc., Real Party.**

**Nos. 83–6228, 83–7678.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1984.

Decided Aug. 24, 1984.

---

274

Karen A. von Dreusche, Busch &
Schramm, Bala-cynwdy, Pa., for defendant-
appellant.

Jay R. Ziegler, Buchalter, Nemer, Fields, Chyrstie & Younger, Los Angeles, Cal., for plaintiff-appellee.

Before SNEED and BOOCHEVER, Circuit Judges, and SOLOMON,* Senior District Judge.

BOOCHEVER, Circuit Judge:

Budco Quality Theatres, Inc. (Budco) appeals the district court's order, 569 F.Supp. 612, remanding this case to the state court from which it was removed. Budco additionally petitions this court for a writ of mandamus to prevent the remand. Both the appeal and petition question the enforceability of a forum selection clause governing disputes arising under a motion pictures rental agreement between the parties. We also must determine whether the remand order is reviewable. We conclude that we have jurisdiction of the appeal and we affirm the order.

FACTS

In April 1981 American Cinema Releasing (ACR), a motion picture supplier located in California, entered into a contract with Budco, a Pennsylvania corporation, for the rental and exhibition of certain motion pictures. The contract contained the following provision, which is at issue in this case:

> Exhibitor [Budco] expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), and Exhibitor hereby consents to the jurisdiction of said court.

ACR allegedly entered into similar rental agreements containing an identical forum selection clause with other exhibitors, designated as Does 1–100.

Through a bankruptcy discharge Pelleport Investors, Inc. (Pelleport), a New York corporation, became the assignee of ACR's interest in the rented films. On May 5, 1983, Pelleport brought an action in the California Superior Court against Budco and 100 Doe defendants, alleging that the defendants owed a total of $246,319.73 in rental fees. Pelleport served the complaint only on Budco.

On June 8, 1983, Budco petitioned the United States District Court for the Central District of California for removal of the case based on diversity of citizenship and filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), or, in the alternative, to transfer the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

In response, Pelleport filed a motion to remand the case to state court on the grounds that the forum selection clause should be enforced and that the district court lacked subject matter jurisdiction, because the jurisdictional amount was not met with respect to each defendant, and diversity of citizenship was defeated by inclusion of the Does. Budco opposed the motion to remand on the ground that the forum selection clause did not apply to all defendants, was not enforceable by an assignor, was unenforceable as against public policy, and was unenforceable because unreasonable under the circumstances.

The district court indicated that diversity jurisdiction existed between Pelleport and Budco, the only defendant appearing in the action. The court granted Pelleport's motion to remand to state court on the grounds that the forum selection clause was valid and enforceable. Applying the standard established in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), the court found the clause reasonable under the circumstances.

Budco appeals that determination and additionally seeks mandamus relief in this

---

* Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

court to prohibit the district court from remanding the case to state court. Because we believe the district court's order is appealable under 28 U.S.C. § 1291 as a collaterally final order, we need not discuss Budco's petition for a writ of mandamus under 28 U.S.C. § 1651. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983) (extraordinary review by mandamus not available where same review may be obtained through contemporaneous ordinary appeal); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434–35 n. 1 (9th Cir.1983).

## DISCUSSION

### I. *Jurisdiction*

### A. *Reviewability of Remand Order*

28 U.S.C. § 1447(d) generally forbids review of remand orders:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it is removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.[1]

 In reliance upon section 1447(d), the district court denied Budco's motion to stay the remand order pending appeal. We do not agree with the district court's characterization of its decision as falling within the scope of the general non-reviewability rule of section 1447(d). The court had before it a remand motion based on two alternative theories: (1) that diversity was defeated by the inclusion of Doe defendants, and thus the district court lacked jurisdiction to hear the case, and (2) that the parties' agreement to litigate all contract disputes in state court was valid and enforceable. Had the district court based its remand order on the first theory, section 1447(d) would no doubt apply, because, even if clearly erroneous, a district court's decision that it lacks subject matter jurisdiction to hear a case is not reviewable. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). But the court did not base its remand order on lack of subject matter jurisdiction. It relied instead upon the forum selection clause. The novel question before this court, then, is whether a remand order based on the enforceability of such a clause is reviewable. We believe it is.

The parties have framed the issue in this case around the applicability of the Supreme Court's decision in *Thermtron*. In *Thermtron*, the Supreme Court held that the extraordinary relief of mandamus was available to prevent a district court which had subject matter jurisdiction over a case from remanding it solely on the ground that its docket was more congested than that of the state court. The Court concluded that the appellate courts have the power "to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." *Id.* at 352, 96 S.Ct. at 593.

Budco argues that, because enforceability of a forum selection clause, like court congestion, is a ground "wholly different" from the grounds for remand specified in section 1447(c), section 1447(d) does not apply, and the remand order is reviewable. *See Thermtron*, 423 U.S. at 344, 96 S.Ct. at 589. Although we agree that enforceability of a forum selection clause is not a ground specified in section 1447(c), equating this case with *Thermtron* is difficult.

The confusion appears to be generated by the label of remand. Once the fact of remand is separated from the reason for its issuance, however, it becomes clear that the district court did not merely remand this case to the state court; it reached a substantive decision on the merits apart from any jurisdictional decision. Consequently, we find the Supreme Court's decision in *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1935), instructive. There, a Texas state court case was removed to federal court on the diversity petition of a third party defendant. The district court granted a motion by the plaintiff to dismiss the third party action on the ground that the

---

1. 28 U.S.C. § 1443 applies to civil rights actions.

third party defendant was an unnecessary and improper party. Because the dismissal left the court without diversity jurisdiction over the remaining parties, it remanded to state court. In holding that the district court's dismissal of the third party was reviewable, the Court stated:

> True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

*Id.* at 143, 55 S.Ct. at 7. *See also, Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387 (11th Cir.1982) (reviewing order dismissing party to removed damage suits notwithstanding fact suits were subsequently remanded to state court).

Budco presents an even stronger case for review. In *Waco* and *Armstrong,* the district courts issued remand orders based on lack of subject matter jurisdiction, a basis clearly enumerated in section 1447(c). The cases stand for the proposition that although the final determination that diversity is lacking is not reviewable, the earlier determination that a third party defendant must be dismissed from the action is. Here, the district court ordered the case remanded to state court after it found the parties' agreement to litigate in state court enforceable. Not only did the court's determination that the forum selection clause was valid and enforceable precede the remand order, it formed the basis of that order. Like the dismissal in *Waco,* the court's decision that the contract clause is enforceable, if not reversed or set aside, is conclusive upon Budco, and, therefore, must be reviewed. To hold otherwise would deprive Budco of its right to appeal a substantive determination of contract law. We cannot believe that Congress intended to immunize such decisions from review.

Our decision is further supported by *Jones & Guerrero Co., Inc. v. Sealift Pacific,* 650 F.2d 1072 (9th Cir.1981). There, on appeal, we fully addressed a Rule 60(b) issue before noting that a remand order based on lack of jurisdiction is not appealable. Similarly, here, we hold that the district court's contract interpretation order is appealable. We do not have a remand order based on lack of jurisdiction similar to that confronting the court in *Jones.*

The policy underlying the general nonreviewability rule of section 1447(d) is to prevent delay by protracted litigation over jurisdictional issues. *See Thermtron,* 423 U.S. at 351, 96 S.Ct. at 593; *United States v. Rice,* 327 U.S. 742, 751, 66 S.Ct. 835, 838, 90 L.Ed. 982 (1946) (construing the predecessor to section 1447(d)). Congress' concern that parties might use the appeal process to protract litigation over jurisdictional issues and thereby further delay litigation over the merits of the case reflects a balancing of competing interests resolved in favor of judicial economy. The availability of a federal forum through the removal procedure had to be weighed against the interest of expeditious resolution of a dispute initiated in state court. Congress decided that in cases begun in state court, lengthy delays occasioned by federal appeals over jurisdictional issues are unacceptable. Consequently, the district court is the final arbiter of whether it has jurisdiction to hear the case. But where a district court bypasses the jurisdictional arguments and reaches the merits of a contract dispute, the policy is inapplicable. Any delay caused by an appeal of the contract issue is a delay that must be countenanced. To apply section 1447(d) to the district court's decision on the enforceability of the forum selection clause would extend the scope of section 1447(d) far beyond its intended parameters and would leave matters of substantive contract law unreviewable. We refuse to impute such an intent to Congress.

### B. *Finality*

■ Our conclusion that section 1447(d) does not foreclose review of a district court's determination of the enforceability of a forum selection clause does not end the jurisdictional question. We still must ask whether the court's order is a final order within the meaning of 28 U.S.C. § 1291 or comes within one of the exceptional interlocutory orders reviewable un-

der section 1292. Although an order enforcing a forum selection clause would appear to be interlocutory, we are convinced that it falls within that " 'small class' of decisions excepted from the final-judgment rule by *Cohen* [*v. Beneficial Loan Corp.,* 337 U.S. 541, 546 [69 S.Ct. 1221, 1225, 93 L.Ed. 1528] (1949) ] ...." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

In *Coopers & Lybrand,* the Supreme Court held that to come within the *Cohen* exception "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 468, 98 S.Ct. at 2458. The district court's order meets all three criteria. The order conclusively determines enforceability of the clause, an issue completely separate from the merits of Pelleport's breach of contract claim. The order is otherwise unreviewable, because it puts the parties out of federal court, and the district court's decision would be res judicata in the state court. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 934 & n. 10, 74 L.Ed.2d 765 (1983).

In *Moses H. Cone Memorial Hospital,* the Supreme Court held that an order refusing to exercise federal jurisdiction is appealable under section 1291 as collaterally final because the decision is such that appellant is "effectively out of court." *Id.* 103 S.Ct. at 933–34 & n. 8, *quoting Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296 n. 2, 8 L.Ed.2d 794 (1962). *Moses H. Cone Memorial Hospital* involved the enforceability of an arbitration clause in a contract between the hospital and construction company. The hospital brought suit in state court for a declaratory judgment that there was no right to arbitration. While the state court action was pending, the construction company filed a diversity action in federal district court seeking an order compelling arbitration. The district court stayed the federal action on the ground that the two suits involved the identical issue of arbitrability. On appeal from the stay, the hospital contested the court of appeals' authority to review the order. In recognizing the appellate court's jurisdiction, the Supreme Court held that:

> a stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court.

103 S.Ct. at 935 n. 11.

Here too, the sole purpose of the remand is to surrender jurisdiction to the state court. We conclude, therefore, that the district court's order is reviewable as a collaterally final order under section 1291. *Cf. Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 195–97 (3d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (holding an order *denying* a motion to enforce a forum selection clause reviewable as collaterally final under § 1291).

## C. *Subject Matter Jurisdiction In District Court*

■ Our first task in reviewing the district court's order enforcing the forum selection clause is to determine whether the court had subject matter jurisdiction to decide the issue. As discussed earlier, the district court bypassed the issue of whether Pelleport's inclusion of Doe defendants in its complaint defeats diversity between Pelleport and Budco. Apparently, the court believed that its decision to enforce the forum selection clause obviated any need to address this problem. But, as noted earlier, the two decisions are separate. To reach the contract clause issue, the court had to have subject matter jurisdiction. The district court's failure to address the issue, however, does not necessarily require remand. We may affirm the district court's judgment on any basis appearing in the record. *See Mollnow v. Carlton,* 716 F.2d 627, 628 n. 1 (9th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984). Because we find that the inclusion of the Does does not defeat diversity, and diversity of citizenship between Pelleport and Budco is clear from the record, we see no reason to remand to

the district court for a determination of the Doe problem.

■ It is well-settled in this court that the inclusion of Doe defendants cannot defeat diversity unless the complaint sufficiently identifies the Does and their relationship to the charging allegations. *See Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 843 (9th Cir.1982); *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619–20 (9th Cir. 1957).

■ Pelleport claims that it satisfied the specificity rule by specifically asserting breach of contract claims against each of the defendants. Although we agree that Pelleport, unlike the plaintiffs in either *Hartwell* or *Grigg*, made clear its charging allegations against the Does, we reject its contention that in this case those specific allegations defeat diversity jurisdiction.

First, the issue appears to be moot. Budco, in its opening brief to this court, makes an uncontested assertion that Pelleport has now abandoned its claims against the Does. Budco notes that Pelleport has argued in its brief on remand to the state court that it has no present intention of ever naming any of the Doe defendants because it believes that all of its claims lie against Budco alone.

Second, Budco filed an uncontested affidavit in district court listing the names of the companies it believes are the Doe defendants. None of those companies is a citizen of either California, the state in which the suit was brought, or New York, the state of which Pelleport is a citizen. Hence, the record indicates that there is complete diversity between the plaintiff and defendants.[2]

**2.** We note that even if we were to hold that the Doe pleading defeats diversity jurisdiction, the result would not change. We refuse, however, to make a broad holding that attempts to clarify the vague contours of when Doe pleading is specific enough to defeat diversity in a case where the uncontradicted evidence in the record indicates that there is complete diversity of citizenship.

As the district court noted, diversity of citizenship between Pelleport and Budco was not challenged. The complaint prays for damages against Budco in an amount exceeding $10,000. The 28 U.S.C. § 1332 criteria for diversity jurisdiction, therefore, have been met.

II. *Enforceability of the Forum Selection Clause*

■ We turn now to the merits of the decision upholding the forum selection clause.[3] The Supreme Court has held that a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Although *The Bremen* involved an international forum selection question, and the Court emphasized the commercial realities of international trade, we see no reason why the principles announced in *The Bremen* are not equally applicable to the domestic context. Courts addressing the issue uniformly apply *The Bremen* to cases involving domestic forum selection questions. *See Mercury Coal & Coke v. Mannesmann Pipe & Steel*, 696 F.2d 315, 317 (4th Cir.1982); *Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718, 721 (2d Cir.1982); *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir.1979) (per curiam); *Fireman's Fund American Ins. Cos. v. Puerto Rican Forwarding Co., Inc.*, 492 F.2d 1294, 1296 (1st Cir.1974); *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 234 n. 24 (6th Cir.1972) (dictum). *See also* Restatement (Second) Conflict of Laws § 80.

**3.** We do not address Budco's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or its motion to transfer the action to a more convenient forum pursuant to 28 U.S.C. § 1404(a). It is clear that a remand order ends the federal court's jurisdiction. *United States v. Rice*, 327 U.S. 742, 747, 66 S.Ct. 835, 837, 90 L.Ed. 982 (1946). Hence, our affirmance of the district court's order leads us to conclude that its refusal to address Budco's other pending motions was proper.

■■■■■ For business or convenience reasons, the parties may have bargained that litigation arising from their contract be resolved in one jurisdiction. Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties. *See The Bremen,* 407 U.S. at 12–19, 92 S.Ct. at 1914–1918. The district court did not abuse its discretion in finding that Budco failed to make such a showing.[4]

### A. *Overweening Bargaining Power*

Although Budco claimed below that the forum selection clause was part of a form contract and appeared in fine print on the reverse side of the contract, it submitted no significant probative evidence tending to support a claim of adhesion. Moreover, Budco failed to pursue the adhesion contract claim on appeal. Instead, Budco argued that the forum selection clause contravenes public policy because it eliminates Budco's right to removal, and that it is unreasonable under the circumstances. Neither argument is convincing.

■■■■■ In *The Bremen,* the Supreme Court specifically held that a forum selection clause does not oust the district court of jurisdiction. A court is not required in every circumstance to exercise the jurisdiction it may possess. Courts often refuse to hear a case on *forum non conveniens* grounds. There is no reason they similarly cannot refuse to hear a case on the ground that it was not brought in the forum selected by the parties. The question is whether the court should exercise its jurisdiction to do more than specifically enforce the forum clause, which gives effect to the expectations of the parties, as manifested in their agreement. *The Bremen,* 407 U.S. at 12, 92 S.Ct. at 1914. We do not believe that the district court abused its discretion in enforcing the clause.

*Home Insurance Co. of New York v. Morse,* 87 U.S. (20 Wall. 445) 445, 22 L.Ed. 365 (1874), upon which Budco relies, is distinguishable. There, the Court held that a state cannot statutorily condition the right of a foreign corporation to conduct business in the state upon the corporation's waiver of its right to removal. *Id.* at 454–58. Here, the agreement to litigate in state court is an agreement between two private parties. Absent any evidence of fraud or overreaching, enforcement of such an agreement does not violate public policy. To the contrary, we believe enforcement of a freely negotiated forum selection clause comports with long-established notions of freedom of contract and allows parties in routine commercial transactions to eliminate the uncertainties of where litigation will take place. Because Budco failed to submit any evidence that Pelleport obtained the forum selection clause by unfair means, the clause must be enforced unless enforcement would be un-reasonable under the circumstances. Our recent opinion in *Colonial Leasing Co. of New England, Inc. v. Pugh Brothers Garage,* 735 F.2d 380 (9th Cir.1984) is not to the contrary. In that case we specifically noted that Pugh Brothers Garage negotiated exclusively with a New York corporation for the lease of certain equipment and had no idea that an Oregon corporation was involved. Pugh Brothers Garage had no reason to suspect that it might be hailed into an Oregon court over a dispute involving a contract it believed it entered into with a New York

---

**4.** We review the district court's enforcement of the forum selection clause for an abuse of discretion. *Cf. The Bremen,* 407 U.S. at 7, 92 S.Ct. at 1911 (abuse of discretion standard applicable to *forum non conveniens* determination); *Nebenzahl v. Credit Suisse,* 705 F.2d 1139, 1140 (9th Cir.1983) (same). We note that some

courts have implicitly applied a de novo standard. *See Mercury Coal & Coke v. Mannesmann Pipe & Steel,* 696 F.2d at 318; *Bense v. Interstate Battery System of America,* 683 F.2d at 722; *In re Fireman's Fund Ins. Cos.,* 588 F.2d at 95. Even under de novo review we would reach the same result.

corporation. Moreover, the clause at issue was found to be a take-it-or-leave-it clause. Here, Budco knew that it was dealing with a California corporation for the rental and exhibition of motion pictures. We find nothing in the record to indicate that the parties possessed unequal bargaining power or that the clause was a take-it-or-leave-it clause. We believe under these circumstances that the reasonableness rule established in *The Bremen* applies.

### B. *Reasonableness of Enforcement*

Budco argues that, because the evidence and witnesses are located on the East Coast and the contracts were performed on the East Coast, the forum selection clause was unreasonable under the circumstances. Although those facts may be relevant to a *forum non conveniens* motion, they are not persuasive here. The Supreme Court has distinguished the inconvenience necessary to establish unreasonableness of a forum selection clause and the balancing of convenience test appropriate in a change of venue or *forum non conveniens* motion. *The Bremen*, 407 U.S. at 18–19, 92 S.Ct. at 1917–1918. To establish unreasonableness of a forum selection clause the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court. 407 U.S. at 18, 92 S.Ct. at 1917.

Budco does not contend that trial in California will prevent it from adequately presenting its case. It alleges only that some of the witnesses will be inconvenienced if forced to travel to California for trial and that the contracts were performed outside of California. Given the standard of denial of a meaningful day in court, we agree with the district court that Pelleport was entitled to a remand. The district

court order remanding the case to state court is

AFFIRMED.