Dolores LANGFORD, Dyvon Randale Small, a minor by Dolores Langford, his guardian ad litem, Plaintiffs,

v.

Daryl GATES, Chief of Police of the Los Angeles Police Department, Detective James M. Dumelle, Officer C. Uribe, of Los Angeles, DOES 1 through 100, inclusive, Defendants.

No. CV 85–1926 AWT.

United States District Court, C.D. California.

May 22, 1985.

Paul Hoffman, Mark D. Rosenbaum, Joan W. Howarth and Pete Navarro, Los Angeles, Cal., for plaintiffs.

Gary R. Netzer, Lewis N. Unger, Pamela Victorine, Donna B. Weisz, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

TASHIMA, District Judge.

This is an action, originally filed in state court, challenging certain conduct of the

Los Angeles Police Department ("LAPD") as violative of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution and of similar provisions of the California Constitution. The practice challenged is the LAPD's use of an armored personnel carrier equipped with a 14-foot steel battering ram (the "motorized battering ram"), to "storm" residential structures suspected as places of unlawful narcotic activity ("rock houses"). The motorized battering ram is alleged to have been used to drive a hole through the exterior wall of rock houses to gain access thereto. At the same time explosive grenades are thrown into the rock house "to create an explosive noise and light." It is further alleged that the LAPD intends to continue these practices in the future.

The action was brought by five plaintiffs. Three, a mother and her two minor sons (the "individual plaintiffs"), were, according to the complaint, visiting a friend's home when the motorized battering ram and grenade were used upon it in the manner described. The remaining two plaintiffs are alleged to be local taxpayers (the "taxpayer plaintiffs"), who sue under the state taxpayer's action statute, Cal.Code Civ.Proc. § 426a. Based on the asserted violation of federal and state constitutional rights, the individual plaintiffs seek damages and all plaintiffs seek declaratory and injunctive relief.

The defendants are the Chief of the LAPD, Daryl F. Gates, two officers of the LAPD, the City of Los Angeles and 100 Doe defendants. All named defendants joined in a petition removing this action to federal court, pursuant to 28 U.S.C. § 1441(a). The petition asserts that this Court has original jurisdiction over the action under 28 U.S.C. §§ 1331 & 1343(a)(3) because it is based, in part, on 42 U.S.C. § 1983 for federal constitutional deprivations; in addition, that several of the claims are purported to be based directly on certain provisions of the United States Constitution. Shortly after removal defendants made a motion to dismiss which, although ostensibly based on F.R.Civ.P. 12(b)(6), is, at least in part, an attack on this Court's subject matter jurisdiction under Rule 12(b)(1). To quote from defendants' motion:

> First, all claims for equitable relief should be dismissed without leave to amend as plaintiffs have not and cannot state facts to invoke the constitutional jurisdiction of the federal courts under Article III of the United States Constitution.

Within a few days thereafter, plaintiffs made application to remand all state law claims to state court. At the hearing on the remand application, the Court raised *sua sponte* the issue of whether removal was proper in the first instance. That issue, as well, has now been fully briefed by the parties. For the reasons explained below, I conclude that removal jurisdiction exists; however, that all but one of the "claims" should be remanded to state court.

■ As explained below, there is no original subject matter jurisdiction with respect to most of plaintiffs' claims. This is undisputed. First, it is clear that no federal jurisdiction exists over the claim of the taxpayer plaintiffs under the circumstances alleged here. The taxpayer plaintiffs do not allege that they have suffered actual injury from use of the motorized battering ram or grenade or that they are threatened by such conduct in the future. Thus, they have not demonstrated that each of them "has sustained or is immediately in danger of sustaining some direct injury as a result of its [the statute's] enforcement, and not merely that he suffers in some indefinite way in common with people generally." *Doremus v. Board of Educ.*, 342 U.S. 429, 434, 72 S.Ct. 394, 397, 96 L.Ed. 475 (1952). They have, therefore, failed to demonstrate a sufficient personal stake in the outcome of the suit to support standing. *Id.* Since the taxpayer plaintiffs have failed to establish a "nexus" between their status as taxpayers and the claim sought to be adjudicated sufficient to assure a personal stake in the outcome of the litigation to satisfy the Article III "case or controversy" re-

quirement, they lack standing to challenge the LAPD's spending for the purposes alleged. *Flast v. Cohen,* 392 U.S. 83, 102–03, 88 S.Ct. 1942, 1953–54, 20 L.Ed.2d 947 (1968) (federal taxpayers suit).[1]

■ The position of the individual plaintiffs with respect to their claim for equitable relief[2] is similarly deficient. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–07, 103 S.Ct. 1660, 1664–68, 75 L.Ed.2d 675 (1983), teaches that Article III power may be invoked only on a showing of a "real and immediate threat" that plaintiffs will again be subjected to such conduct. No such allegation is made here and plaintiffs admit that none can be made in good faith. Thus, there is no case or controversy with respect to the individual plaintiffs' prayer for injunctive relief. *Id.*[3]

■ The damage claim of the individual plaintiffs under 42 U.S.C. § 1983, however, is clearly within the original, and thus removal, jurisdiction of the federal courts. 28 U.S.C. §§ 1343(a)(3) & 1441(a) & (b). The question presented, then, is whether § 1441's reference to a "civil action" requires that the *entire* action be within the court's original jurisdiction in order for the action to be removable. There has been surprisingly little judicial gloss on the term

since the 1948 revision of the Judicial Code brought the term into being. I find the view expressed in *Charles D. Bonnano Linen Serv., Inc. v. McCarthy,* 708 F.2d 1 (1st Cir.1983), persuasive. The change from the previously existing "any suit" to "any civil action" was cosmetic only and there is no indication of any legislative intent to overrule prior judicial construction of the term under which each cause of action was considered to be a separate suit. *Id.* at 11. *See also Pacific Railroad Removal Cases,* 115 U.S. 1, 23, 5 S.Ct. 1113, 1124, 29 L.Ed. 319 (1885) ("suit" under Act of Mar. 3, 1875, 18 Stat. 470). Thus, I conclude that the § 1983 damage claim should be treated as a separate "action" under § 1441(a) & (b); therefore, that it was removable.[4]

■ As noted, defendants have moved to dismiss all equitable claims. They contend that the taxpayer plaintiffs' lack of standing under *Doremus* and the individual plaintiffs' lack of standing under *Lyons* is not jurisdictional, but results in a failure to state a claim. They are mistaken. It is clear that Article III standing "involves ... constitutional limitations on federal-court jurisdiction." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Therefore, the proper course is

---

1. Even if the standing problem were to be overcome, this Court would still lack subject matter jurisdiction. The taxpayer plaintiffs' claims are all asserted under state law. Cal.Code Civ.Proc. § 426a. Thus, to entertain their claims would require recognition of the pendent party doctrine. However, this Circuit has been persistent in its refusal to exercise such jurisdiction. *Carpenters Southern Calif. Admin. Corp. v. D & L Camp Constr. Co.,* 738 F.2d 999 (9th Cir.1984).

2. There is, in fact, no separate "claim" for equitable relief. Rather, the complaint sets forth five "causes of action" for asserted violations of various provisions of the state and federal constitutions. It seeks equitable and declaratory relief for all plaintiffs and damages for the individual plaintiffs. I refer to the "claims" for equitable relief only for the sake of simplicity.

3. As stated, plaintiffs also seek declaratory relief under state law. This, however, does not affect the analysis of removal jurisdiction. *Franchise*

*Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2849–52, 77 L.Ed.2d 420 (1983).

4. This analysis makes it unnecessary to determine whether the § 1983 damage claim is a "separate and independent" claim under 28 U.S.C. § 1441(c) from the non-removable claims for equitable relief. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Schwartz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 424 F.Supp. 672 (N.D.Cal.1976). Even assuming that the § 1983 damage claim is a separate and independent claim, thus making the "entire case" removable, the joined "non-removable" claims, *i.e.,* those for equitable relief, would have to be remanded for lack of subject matter jurisdiction. At least in the context of this case, I conclude that § 1441(c) was not intended to and does not expand the subject matter jurisdiction of the federal courts to embrace actions otherwise barred by Article III.

remand, not dismissal. *California v. Beltz Travel Serv., Inc.,* 379 F.Supp. 948 (N.D. Cal.1974). Having concluded that all equitable claims should be remanded, it would be improper to address further the motion to dismiss the equitable claims. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 279 n. 3 (9th Cir.1984).

■ Having determined that removal jurisdiction exists over the § 1983 damage claims of the individual plaintiffs, it follows that this Court has pendent jurisdiction over the state law damage claims for asserted violations of the California Constitution. The state and federal claims for violation of parallel provisions of the state and federal constitution "derive fom a common nucleus of operative fact." *UMW v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, because all equitable claims are being remanded to state court, judicial economy and comity are better served by having the state courc adjudicate state created rights. Therefore, as a matter of discretion, all state law damage claims also will be remanded to state court. *Id.* at 726, 86 S.Ct. at 1139.

In summary, I conclude that all claims for equitable and declaratory relief were removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). With respect to the state law damage claims, I exercise my discretion under *Gibbs* to abstain from hearing them.

IT IS ORDERED that all claims and causes of action, except the claim of the individual plaintiffs for damages under 42 U.S.C. § 1983,[5] are REMANDED to the Superior Court of the State of California for the County of Los Angeles. Each party shall bear his, her or its own costs on removal and remand. Defendants are granted 30 days within which to answer the § 1983 claim.

---

5. Although the complaint contains direct allegations of federal constitutional violations, the individual plaintiffs disclaim any attempt to state damage claims directly under the Constitution. *See Ward v. Caulk,* 650 F.2d 1144, 1147–48 (9th Cir.1981). I, therefore, construe the federal damage claim as a claim pursuant to § 1983 only. So construing the claim, the motion to dismiss the § 1983 claim is denied.