108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. MUSSER, Plaintiff-Appellant,
v.
Doug DAMROW; Robert Mullin; Jerome H. Miller; Robert P.
Rittereirser; Edward Gioiella; Shearson Lehman
Hutton, Inc., Defendants-Appellees.
 No. 96-35193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 19, 1996.*
Decided Dec. 17, 1996.
 
 Before: CHOY, SKOPIL and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Musser appeals pro se the district court's dismissal of his action for lack of prosecution. Musser contends that the district court (1) lacked subject matter jurisdiction; (2) should not have directed arbitration; and (3) erred in dismissing his action. We affirm.
 
 1. Jurisdiction
 
 3
 Musser does not dispute that the requirements for diversity jurisdiction were satisfied. Rather, he asserts that a "forum clause" in the Broker-Dealer Registration form filed by Shearson Lehman Hutton in Alaska defeats federal jurisdiction and requires that his action be litigated in state court. We disagree. The provision upon which Musser relies simply ensures the registrant's amenability to service of process rather than mandating a particular forum. Moreover, even if it is a forum selection clause, it does not defeat federal subject matter jurisdiction. See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 278 (9th Cir.1984) (existence of subject matter jurisdiction is a condition precedent to district court's ability to enforce a forum selection clause).
 
 
 4
 In some instances, however, enforcement of a forum selection clause can be mandatory if it clearly designates a particular forum as exclusive. Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir.1995). The state registration form contains no such language. Rather, it provides for suit "in any court of competent jurisdiction and proper venue within said state." The federal court is surely a court of competent jurisdiction within the State of Alaska. We therefore conclude that, even if the provision is construed as a forum selection clause, it is permissive and does not require Musser's action to be litigated in an Alaska state court.
 
 2. Arbitration
 
 5
 To receive a license to sell securities, Musser was required to complete and file a Uniform Application for Securities Industry Registration and Transfer ("Form U-4"). The Form U-4 contains an arbitration clause. Such written agreements to arbitrate disputes are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.
 
 
 6
 Musser contends that the arbitration clause is revocable because it is part of a membership agreement which he had no choice but to sign if he wanted to be a securities broker. We have previously rejected the contention that Form U-4 is an unconscionable adhesion contract simply because all securities brokers are required to execute them. See Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 286 (9th Cir.1988). Further, even assuming Musser's bargaining position was not strong, "[m]ere inequality in bargaining power ... is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991). Consistent with the "liberal federal policy favoring arbitration agreements," id. at 25, we conclude that the district court did not err in ordering arbitration.
 
 3. Dismissal
 
 7
 Musser contends that the district court erred in dismissing his action for failure to prosecute because either arbitration was proceeding or a petition for certiorari of the arbitration order was pending. The record reveals, however, that no petition was pending before the Supreme Court and the arbitration proceedings were in fact closed at the time the district court dismissed the case.
 
 
 8
 A district court may dismiss for lack of prosecution after considering (1) the public's interest in expeditious resolution of litigation; (2) the need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996). There must also be a showing of unreasonable delay. Id. Here, five years passed between the original arbitration order and the date of dismissal, and Musser has failed to justify sufficiently this delay. Moreover, the district court expressly warned Musser that dismissal would result if he failed to demonstrate that his action was either pending before the Supreme Court or proceeding to arbitration. "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternative [sanctions]' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).
 
 
 9
 In light of the foregoing, we do not have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (internal quotation omitted).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4. Accordingly, Musser's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3