105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janine ANGELOTTI; David S. Banks; David M. Bernath;
Robert D. Berrios; David Browning; Sherry L. Bruno; Jean
Campbell; Mark E. Carr; Mark E. Carr, D.D.S., Inc., a
professional corporation; Peter Chen; Ruedy M. Contreras;
Dorothy F. Devinney; Samuel E. Dey, Jr.; Donald B.
Dworken; Robin L. Futoran; Bruce George; Kenneth S.
Graham; David Green, Ph.D. and Louise Green Ph.D., a
professional corporation; David Green; Louise Green; Kent
Hagan; Gregory D. Harvey; Ivan Ho; Elana R. Kaplove;
Murray Kornblit; Sheldon Kronfeld; Joseph M. Leedy; John
R. Lyans; Walter A. Markham; Patrick V. McClure; Scott D.
Miller; Robert E. Peters; Brian J. Rice; Robert Robinson;
James R. Schaefer, M.D.; James R. Schaefer, M.D., a
professional corporation; James J. Sievers; Jay T.
Silverman; Josephine E. Smith; Diane D. Street; Donald L.
Strobl; Lynne Sullivan; Sycamore Chiropractic Center,
Inc., a professional corporation; Ronald E. Tveitmoe;
Virginia C. Veloso; Jeffrey P. Wasserstrom; and Leopold
Weinstein, Plaintiffs-Appellants,
v.
RW PROFESSIONAL LEASING SERVICES CORPORATION, dba
Professional Leasing Services, a New York
corporation, Defendant-Appellee.
 No. 95-56129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Dec. 19, 1996.
 
 Before PREGERSON, D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs-appellants Janine Angelotti, et al., appeal from the district court's dismissal of their complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The district court dismissed appellants' complaint because each of their leasing contracts with defendant-appellee, RW Professional Leasing Services Corporation ("RW"), contained a forum-selection clause setting venue in New York. The district court declined to set aside the clauses for either fraud or inconvenience. We review the district court's decision to enforce the forum-selection clauses for abuse of discretion. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 323 (9th Cir.1996).
 
 II
 
 4
 Federal law governs the enforceability of forum-selection clauses in diversity. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988). A forum-selection clause is "prima facie valid" and should not be set aside unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); see Carnival Cruise Lines v. Shute, 499 U.S. 585, 589 (1991). More specifically, we only set aside a forum-selection clause if:
 
 
 5
 (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.
 
 
 6
 Argueta, 87 F.3d at 325 (internal quotation marks and citations omitted).
 
 III
 
 7
 Appellants first contend that the district court should not have enforced the forum-selection clause because it was procured by fraud.
 
 
 8
 In their complaint and declarations,[1] appellants allege that United Consumer Marketing, Inc. ("UCM"), as RW's agent, presented them with the lease agreements when they had little or no time to meaningfully review them. UCM told appellants that the agreements were mere formalities, that it was not important to thoroughly review them before signing, and that additional time was unavailable. Appellants claim that, relying on these representations, they did not "closely review," or only "quickly perused," the agreements before signing.
 
 
 9
 An arbitration or forum-selection clause is unenforceable for fraud only "if the inclusion of that clause in the contract was the product of fraud or coercion." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14 (1974); cf. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). Stated differently, a court may consider a claim that a party was fraudulently induced to include a forum-selection clause in an agreement, but not a claim that the entire agreement was the product of fraud.
 
 
 10
 Our analysis in Cohen v. Wedbush, Nobel, Cooke, Inc., 841 F.2d 282 (9th Cir.1988), illustrates these principles. The plaintiffs in Cohen, challenging an arbitration clause, complained in part that the defendant advised them that the entire agreement did not compromise any of their rights. Id. at 287. In enforcing the arbitration clause, we explained that "the alleged statement here cannot fairly be characterized as fraud in the inducement as to the arbitration clause. The statement is quite general, relating to the contract as a whole rather than to the arbitration clause in particular." Id.[2]
 
 
 11
 We only can set aside a forum-selection clause if a party was fraudulently induced to include the clause itself in the agreement. Since appellants' challenge is not separate and distinct from its challenge to the entire agreement, the district court properly declined to set aside the clause.[3]
 
 
 12
 Even if UCM's alleged statements had related specifically to the forum-selection clause, we explained in Cohen that "a misrepresentation renders a contract voidable only if, inter alia, the plaintiff reasonably relied on that misrepresentation in entering the contract." Cohen, 841 F.2d at 287 (citations omitted). Thus, had UCM represented that the forum-selection clause, rather than the whole agreement, was a mere formality, the explicit language of the contract would have directly contradicted the alleged misrepresentation. In Cohen we saw "no unfairness in expecting parties to read contracts before they sign them." Id.
 
 IV
 
 13
 Appellants also contend that the district court should not have enforced the forum-selection clause because it is inconvenient.
 
 
 14
 To establish that the clause is unreasonable for inconvenience, appellants bear the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." Argueta, 87 F.3d at 325 (quoting Pelleport Investors v. Budco Quality Theatres, 741 F.2d 273, 281 (9th Cir.1984)).
 
 
 15
 Appellants contend that a New York trial will deny them a meaningful day in court due to the travel costs for witnesses and experts, and to their inability to secure live testimony from hostile California witnesses.
 
 
 16
 We agree with the district court that appellants have not met their burden. New York is not a "remote alien forum," Shute, 499 U.S. at 594; see Spradlin v. Lear Siegler Management Servs. Co., 926 F.2d 865, 869 (9th Cir.1991), and the location of evidence and witnesses in California, without more, does not meet the grave difficulty and inconvenience necessary to render a forum-selection clause unreasonable. See Pelleport, 741 F.2d at 281.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Unlike a Rule 12(b)(6) analysis, analysis under Rule 12(b)(3) permits the district court to consider facts outside the pleadings. Argueta 87 F.3d at 324
 
 
 [2]
 See also Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1410 (9th Cir.1989) ("The federal courts ... requir[e] that cases be submitted to arbitration unless there is a challenge to the arbitration provision which is separate and distinct from any challenge to the underlying contract."); Houlihan v. Offerman & Co., 31 F.3d 692, 695 (8th Cir.1994) (Plaintiff's "factual allegations of fraud cannot fairly be limited to the making of the arbitration clause. Indeed, [plaintiff] stated that she was misled into believing that she was not executing a contract at all.")
 
 
 [3]
 See, e.g., Riley v. Kingsley Underwriting Agencies, 969 F.2d 953, 960 (10th Cir.) ("A plaintiff seeking to avoid a choice provision on a fraud theory must ... plead fraud going to the specific provision; the teachings of Scherk, interpreting M/S Bremen, require no less."), cert. denied, 506 U.S. 1021 (1992); Moses v. Business Card Express, 929 F.2d 1131, 1138 (6th Cir.) (to render a forum-selection clause unenforceable, "there must be a well-founded claim of fraud in the inducement of the clause itself, standing apart form the whole agreement"), cert. denied, 502 U.S. 821 (1991). As appellants claim that they did not understand the lease agreement into which they entered, not that they did not enter into an agreement at all, our decision in Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir.1991), does not apply in this case