**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE RICE CORPORATION, a Delaware corporation, dba The Rice Company,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>GRAIN BOARD OF IRAQ, an Iraqi state company; IRAQI MINISTRY OF TRADE, an Iraqi state agency,<br><br>Defendants - Appellees. | No. 09-17687<br><br>D.C. No. 2:06-CV-1516-GEB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted April 13, 2011
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and BLOCK, District Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1.      Paragraph 18 of the parties' contract is necessarily mandatory and exclusive:  A dispute that "shall be settled . . . final[ly] and conclusive[ly]" by an Iraqi court cannot, as a matter of logic, be resolved by any other.  *Cf. The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 20 (1972).

2.      Appellant failed to carry its "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that [it] effectively would be denied a meaningful day in court."  *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984); *see also The Bremen*, 407 U.S. at 16 ("[W]here it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable.").  Even taking the facts in the light most favorable to appellant, *see Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004), we hold that the district court did not abuse its discretion in enforcing Paragraph 18.

**AFFIRMED.**