NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. 16-50085 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00007-JAK-1 |
| v. | |
| PAULINE CLAY, | ORDER[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 8, 2017
Pasadena, California

Before: KELLY,[**] CALLAHAN, and BEA, Circuit Judges.

Pauline Clay appeals an order of the district court remanding her criminal

prosecution for child stealing to state court. Two foster children, A.E. and Z.E.,

were placed with Clay by the Orange County Social Services Administration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

("OCSSA"). Clay was later charged in California state court with child stealing when she allegedly failed to produce the minors to OCSSA and did not comply with other terms of the foster care placement. *See* Cal. Penal Code § 278. Clay attempted to remove the case to federal court, contending that she was entitled to a federal forum for her criminal prosecution because her status as guardian ad litem for A.E. and Z.E. in a separate federal civil suit[1] makes her a "federal officer" within the meaning of 28 U.S.C. § 1442.

The district court summarily remanded Clay's case to state court and denied her motion for reconsideration. Clay appealed to this court. While Clay's appeal was pending before this court, the state prosecution continued. The prosecution ended when Clay entered a plea of nolo contendere to two misdemeanor counts of child stealing (reduced from charged felonies) in state court. Subsequently, the state of California moved to dismiss Clay's appeal to this court as moot.

Clay's entry of a plea of nolo contendere in state court waived her right to remove the case to federal court and mooted her appeal. Clay's entry of a plea in the state court clearly manifested "her intent to have the matter adjudicated there." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995). Rather than merely taking "necessary defensive action to

---

[1] Clay was appointed guardian ad litem for A.E. and Z.E. by court order on March 31, 2014 in *Kirk Erichsen, et al. v. County of Orange, et al.*, 2:14-cv-02357-JAK-SS, Dkt. No. 5 (C.D. Cal. 2014).

avoid a judgment being entered automatically against" her, Clay affirmatively submitted to the judgment of the state court. *Id.* Further, Clay's entry of a plea was offered in exchange for the state court's reduction of the two counts in this case from felonies to misdemeanors. *See Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984) (recognizing waiver of the right to remove via an agreement between the parties to litigate in state court). Finally, allowing Clay to obtain the benefit of a plea agreement in state court—including reduction of the counts from felonies to misdemeanors, a sentence of time served, and no supervised release or parole—and then re-litigate the entire case in federal court is in direct opposition to the proscription on allowing a litigant to "experiment" in state court and then remove the case to federal court in hopes of obtaining a better result. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Clay raises two substantive arguments against the motion to dismiss. Neither is persuasive. First, she argues that the appeal is not moot because if this court holds that the district court erred in remanding the case to state court, that holding would retroactively strip the state court of jurisdiction and void the proceedings in the state court, including the plea. Clay cites no authority supporting this position. Instead, she refers to 28 U.S.C. § 1447(d) for the proposition that nothing that occurred in the state court can moot this case

3

following removal.

But section 1447(d) supports the opposite conclusion. In fact, section 1447(d) expressly allows the state court to continue with criminal proceedings following removal. The only limitation on the state court's power created by the removal of a criminal action is that the state court cannot enter a judgment of conviction prior to remand. *Id*. Here, the district court had indeed remanded the action to the state court. Consequently, nothing in section 1447(d) indicates that the state court's judgment would be voided if we reversed the district court's remand order.

Second, Clay argues that any conviction is invalid under the Supremacy Clause. *See* U.S. Const., art. VI, cl. 2. Clay contends that she cannot be convicted of conduct she engaged in as a result of her status as a federal officer. Clay's argument, however, ignores the fact that the existence of a Supremacy Clause defense is not an independent ground for removal or adjudication in federal court—it is a substantive defense to the criminal prosecution. In this case, Clay chose to pursue that substantive defense through the vehicle of the removal statute; she also could have presented the defense in state court. Clay's decision to enter into the plea agreement, thereby waiving her right to removal and her right to raise defenses to the charges against her in state court, leaves us without a procedural

vehicle to examine the underlying merits of her Supremacy Clause defense.[2]

Because Clay's plea in state court waived her right to remove this action to federal court, her appeal of the district court's remand order has been mooted. As a result, the appeal is DISMISSED AS MOOT.

---

[2] Clay also argues that the state did not submit sufficient records of her conviction. The state attached the transcript of the plea hearing and the state court's docket to its motion to dismiss. Both documents clearly show that Clay entered a plea of nolo contendere and Clay does not appear to challenge this fact. Clay's argument regarding the sufficiency of the state's records is meritless.