Beverly KUNZI, Steve Mattheaus, and Sandra Travis, individuals, Plaintiffs/Appellees,

v.

PAN AMERICAN WORLD AIRWAYS, INC., a corporation, Linda Kelly, an individual, Anna F. Kuhl, an individual, Anna F. Kuhl & Associates, a corporation, Defendants/Appellants.

PAN AMERICAN WORLD AIRWAYS, INC., et al., Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent.

Beverly Kunzi, et al., Real Party in Interest.

Nos. 86–2914, 86–7720.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 9, 1987.

Submitted Oct. 16, 1987.

Decided Nov. 23, 1987.

As Amended Dec. 8, 1987.

Gilmore F. Diekmann, Jr., Bronson, Bronson & McKinnon, San Francisco, Cal., for petitioners-appellants Pan American World Airways, et al.

Victor C. Thuesen, Petaluma, Cal., for appellees Beverly Kunzi, et al.

Before ANDERSON, FERGUSON and NOONAN, Jr., Circuit Judges.

FERGUSON, Circuit Judge:

Pan American World Airways, Inc., Linda Kelly, Anna F. Kuhl, & Anna F. Kuhl &

Assoc., a corporation, ("PK&K") both petition for a writ of mandamus and appeal from the district court order remanding to state court a lawsuit removed to federal court by PK&K. PK&K argue a writ of mandamus should issue because the district court erroneously remanded the action to state court for reasons not permitted by 28 U.S.C. § 1447(c). In addition, PK&K appeal on the grounds that the district court erroneously decided—on the merits —a substantive issue in the case, and that it issued the remand based on that decision. We do not reach the substantive issue in this case because we find that the remand order was based on the grounds set forth in section 1447(c). We are thus barred by 28 U.S.C. § 1447(d) from reviewing the district court's decision.

## I.

Appellees Beverly Kunzi, Steve Mattheaus, and Sandra Travis ("KM&T") were formerly employed as flight attendants by Pan American World Airways, Inc. ("Pan Am"). Their employment was subject to the terms of a collective bargaining agreement between Pan Am and the Independent Union of Flight Attendants. The agreement was entered into pursuant to the provisions of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*,[1] and included statutorily mandated grievance and arbitration procedures.

On April 9, 1985, after working on Pan Am flight No. 21 from San Francisco to Tokyo, KM&T were suspended for suspicion of sabotaging the airplane's oxygen supply. Between April 15–22, Pan Am's San Francisco flight attendant manager, Linda Kelly, conducted several investigatory interviews with KM&T and other Flight No. 21 personnel. Dr. Anna Kuhl, a psychologist hired by Pan Am to assist in the inquiry, also participated in the meetings.

Dr. Kuhl subsequently filed a report with Pan Am in which she inferred that Kunzi may have taken drugs before the interview, and recommended that KM&T

be discharged. Shortly thereafter, KM&T were informed by Kelly that their employment was terminated. They subsequently challenged the firings through the grievance and arbitration provisions of the collective bargaining agreement. As a result of the adjustment board arbitration proceedings, a neutral referee ordered all three reinstated with full back pay.

On April 8, 1986, KM&T filed a lawsuit in the Superior Court of the State of California for San Mateo County against PK&K. KM&T stated claims against Pan Am and Kelly for slander, libel, defamation, and intentional infliction of emotional distress; and against Dr. Kuhl and her corporation for interference with contractual relations, and for libeling Kunzi. All of the claims alleged violations of state law; no federal claims appeared on the face of the complaint.

On May 9, 1986, PK&K timely removed the case, pursuant to 28 U.S.C. § 1441(a). In their removal petition, PK&K alleged that KM&T's claims were matters arising under the RLA, and that the district court thus had federal question jurisdiction, pursuant to 28 U.S.C. § 1337.

On July 25, 1986, PK&K filed a summary judgment motion for dismissal based on a lack of subject matter jurisdiction. PK&K alleged that all of the claims were preempted by the RLA, and that therefore KM&T's exclusive remedy was the grievance and arbitration proceedings set forth in the collective bargaining agreement. On September 26, 1986, a hearing was held on the motion, at which time the district judge expressed reservations as to whether he had subject matter jurisdiction over the entire case. The judge was particularly concerned with the claims against Dr. Kuhl and her corporation. After indicating that he might have to remand the case *sua sponte*, he ordered the parties to submit briefs on whether removal was proper and set another hearing date for October 17, 1986. On that date, he again expressed concern regarding the claims against "the

---

1. The RLA is applied to airlines and their employees pursuant to 45 U.S.C. §§ 181–188.

Kuhl defendants," [2] and doubts about the propriety of removal. After hearing argument from both parties on the issue, the judge ordered the entire case remanded to state court.

On November 12, 1986, PK&K timely filed this appeal, alleging that the district court had made an erroneous decision of substantive law prior to issuing the remand. In addition, on December 10, 1986, PK&K filed a petition for writ of mandamus to require the district court to rescind the remand order. These actions were consolidated here.[3] We only address the reviewability of the district court's remand order.

## II.

■ Remand orders issued pursuant to 28 U.S.C. § 1447(c) and based on the grounds specified therein, i.e. that removal was improvident and without jurisdiction, are immune from appellate review. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 591, 46 L.Ed.2d 542 (1976). In such cases, 28 U.S.C. § 1447(d) acts as an absolute bar to review by appeal or mandamus.[4] *Thermtron*, 423 U.S. at 346, 96 S.Ct. at 591. This prohibition applies even if the district court's jurisdictional decision was erroneous. *See id.* at 351, 96 S.Ct. at 593; *see also Gravitt*, 430 U.S. at 723–24, 97 S.Ct. at 1439–40. Thus, the remand order in PK&K's case can be reviewed only if it was based on nonjurisdictional grounds.

■ PK&K argue that the remand order in its case was not based on section 1447(c) because the district court did not make the required determination that removal was improvident and without jurisdiction. They liken their case to *Thermtron*, where the Supreme Court found that the remand order in question was reviewable because it was not issued pursuant to section 1447(c). PK&K's analogy to *Thermtron*, however, is misplaced. In *Thermtron*, the remand order under review did not even mention section 1447(c); jurisdictional concerns had not played any part in the district court's decision to remand. Rather, the court had ordered a remand because of concerns that its crowded docket would delay the trial and thus prejudice the petitioners in that case. 423 U.S. at 340–41, 96 S.Ct. at 587–88. In contrast, the record in PK&K's case shows that the district court relied on section 1447(c), and based its decision to remand on the grounds specified therein, i.e. on a determination that it lacked jurisdiction over the entire case.

As support for its position, PK&K state that section 1447(c) is not mentioned in the remand order "except to refer to the procedure for sending a certified copy of the order to the San Mateo County Clerk." This explicit citation to section 1447(c), however, indicates that the court was in fact remanding the case pursuant to that statute. The requirement that a copy of the remand be sent to the state court clerk directly follows the language in the statute which sets forth the permissible grounds for a remand.[5] It is unlikely that the court

2. The judge was referring to the claims against Dr. Kuhl and her corporation.

3. A third case, *Pan American World Airways, Inc. et al. v. U.S. Dist. Court (Philipson, Real Party in Interest)*, No. 86–7716, was also consolidated with the two instant actions. A separate memorandum disposition was filed in that case.

4. Section 1447(d) states in relevant part "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." While it appears on its face to bar review in all cases, it has been interpreted only to preclude review of remands which are based on 28 U.S.C. § 1447(c). Sec-

tion 1447(c), in turn, provides for remand of a case "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction...." Thus, a remand order can be reviewed if it is issued on nonjurisdictional grounds.

5. Section 1447(c) states:
If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. *A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court.* The State court may then proceed with such case. (Emphasis added.)

would be aware of the statute's mandate regarding mailing a copy of the order to the clerk yet be unaware of the remainder of the statute. In addition, the remand order speaks of doubts as to "whether removal of any of the action at bar was proper...." This reference indicates that the court was acting pursuant to the bar against "improvident" removal contained in section 1447(c).[6]

The record from both of the hearings on the matter also demonstrates that, unlike in *Thermtron*, the district court in PK & K's case based the decision to remand on the grounds that it was without jurisdiction. The court first indicated at the September 26, 1986, hearing that it might have to remand the case—on its own motion—because of jurisdictional concerns. The court explicitly stated that it was "faced with the situation where we have *apparently a lack of subject matter jurisdiction over the entire case*" (emphasis added). The court then indicated that it did not have pendent jurisdiction over the claims against the Kuhl defendants, and that the claims were not separate and independent claims. Based on these concerns, the district court put the hearing over until October 17, 1986, at which time the first issue addressed would be whether removal was proper.

At the October 17th hearing, the court again stated that the claims against the Kuhls were not pendent, or separate and independent from the others. The court did not expressly state again, as it had at the earlier hearing, that it lacked jurisdiction over the entire case. A common-sense reading, however, would indicate that this was implicit in the court's references—in

both of the transcripts and the remand order—regarding whether removal was proper. This is the only sensible reading since jurisdictional concerns were the sole basis for the court's initial questioning of the propriety of removal. Considering the entire record, therefore, it is apparent the district court concluded that, because it lacked jurisdiction over the claims against the Kuhls, it lacked jurisdiction over the entire case.[7] Despite PK&K's arguments to the contrary, we find that this is a jurisdictional determination that falls within section 1447(c), and is thus unreviewable.

This conclusion is wholly consistent with the Supreme Court's decision in *Gravitt*. *Gravitt* involved a case which had been removed to federal court, and then remanded to state court, based on the district court's finding that it lacked jurisdiction. The Fifth Circuit subsequently issued a writ of mandamus to vacate the order, on the grounds that the district court had used erroneous legal principles to determine that it was without jurisdiction. The Supreme Court, applying *Thermtron*, reversed this decision, and held that the "[d]istrict court's remand order was plainly within the bounds of § 1447(c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise." 430 U.S. at 723, 97 S.Ct. at 1440. The Court also stated that "*Thermtron* did not question but re-emphasized the rule that § 1447(c) remands are not reviewable." *Id.* at 724, 97 S.Ct. at 1440.

*Gravitt* shares important factual similarities with PK&K's case. In *Gravitt*, the district court used an erroneous legal conclusion—that the defendant was judicially estopped from asserting the basis for its

---

6. The record from the hearing on October 17, 1986, which immediately preceded the issuance of the remand order, further supports this conclusion. The court made several references there to the propriety of removal. The court also stated that "1437(c) talks about remanding the case. It does not talk about dealing with a part of the case or separating out claims." Since there is no legislation codified at 28 U.S.C. § 1437(c), it is apparent that the court was referring to the provisions of section 1447(c) but mistakenly referred to section 1437(c).

7. We reach a conclusion similar to that found by the Fifth Circuit in *In re Weaver*, 610 F.2d 335 (5th Cir.1980). There, the Fifth Circuit found that, while the district court had not referred to section 1447(c) and had not stated the phrase "removed improvidently and without jurisdiction," the remand was nonetheless made pursuant to that statute. *Id.* at 337. The court held that "... it seems apparent that at the time of the remand order [the judge] believed the case was not removeable, leading to the logical inference that he felt jurisdiction was lacking." *Id.*

diversity claim—to reach its decision that it had no jurisdiction over the case. In PK&K's case, the district court also relied on an arguably erroneous legal conclusion—that the presence of the exclusively state claims against the Kuhl defendants made removal improper—to reach its decision that it had no jurisdiction over the entire case. Since *Gravitt* characterized the decision in its case as a nonreviewable jurisdictional one that fell within the confines of section 1447(c), we must do the same in PK&K's case.

### III.

We are not convinced by PK&K's argument that the remand order is reviewable because there is no legal authority to support the basis for the district court's remand. This argument is nothing more than an assertion that the district court made an erroneous decision. Under both *Gravitt* and *Thermtron,* a remand order made pursuant to section 1447(c) cannot be reviewed if it is based on the grounds that the court lacks jurisdiction—even if the court's jurisdictional analysis was erroneous. *See Gravitt,* 430 U.S. at 724, 97 S.Ct. at 1440; *Thermtron,* 423 U.S. at 351, 96 S.Ct. at 593; *see also Tolefree v. Ford Motor Credit Co.,* 571 F.2d 1088 (9th Cir. 1977). Thus, since we have classified the district court's decision as a jurisdictional determination, we find PK & K's argument irrelevant.

### IV.

We are also unpersuaded by PK&K's argument that a different result is required by our recent decisions in *Price v. PSA,* 829 F.2d 871 (9th Cir.1987); *Scott v. Machinists Automotive Trades District Lodge No. 190,* 827 F.2d 589 (9th Cir.1987); *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857 (9th Cir.1987); and *Survival Systems Div. of the Whittaker Corp. v. United States Dist. Court,* 825 F.2d 1416 (9th Cir.1987).

PK&K argue that those cases held that original jurisdiction over a single claim in a multi-claim complaint removes the possibility that a remand is issued pursuant to section 1447(c). PK&K contend that the same principle applies in their case.

Those cases, however, share at least one important factual distinction from PK&K's case. All involved situations where the district court had made a factual finding that it had original jurisdiction over at least one of the claims. Thus the district court in each case had found that there were proper grounds for removal jurisdiction. The cases, therefore, could not have been removed "improvidently and without jurisdiction," and thus the remands could not have been based on section 1447(c).

In PK&K's case, however, the district court did not make a finding that it had original jurisdiction over *any* of the claims. It did not find that removal was proper. Instead it apparently found that, because it did not have jurisdiction over the Kuhl defendants, it did not have jurisdiction over the entire case. Therefore, the specific holdings of *Price, Scott, Survival Systems,* and *Paige*—that removal in each case was *not* "improvident and without jurisdiction" —do not apply.[8]

### V.

In sum, we hold that the district court issued the remand order in PK & K's case pursuant to, and based on the grounds specified in, 28 U.S.C. § 1447(c). Under section 1447(d), *Thermtron,* and *Gravitt,* we are thus barred from reviewing it.

The appeal is DISMISSED.

---

8. These cases would only support PK & K's position if we read them as holding that, where a court *should* have found original jurisdiction existed for at least one of the claims, but did not do so, an ensuing remand could not be based on the "without jurisdiction" grounds of section 1447(c). Such an interpretation, however, would permit review of remands whenever a district court made an erroneous determination that it lacked jurisdiction. Since this is completely contrary to the Supreme Court's decisions in *Gravitt* and *Thermtron,* we reject it.