Conrad SCHMITT; Charles Sackett; Daniel Martin; Michael Juneau; Plaintiffs–Appellees,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellant.

INSURANCE COMPANY OF NORTH AMERICA, Cross–Complainant/Appellant,

v.

JUNEAU & MARTIN, INC. dba J.M. Auto Sales, a corporation, Juneau & Martin, Inc. dba Century Motors, a corporation; Cross–Defendants,

and

Michael Juneau, an individual, Daniel James Martin, an individual, Cross–Defendants/Appellees.

No. 88–5503.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1988.

Decided May 6, 1988.

William R. Moore, Regal & Levy, Encino, Cal., for defendant-appellant.

Fred U. Hammett, Jr., Joseph W. Ruff, San Diego, Cal., for plaintiffs-appellees.

Before HUG, ALARCON and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

Defendant/Appellant Insurance Company of North America (INA) appeals from an order remanding this matter to the state court and awarding attorney's fees to Plaintiffs/Appellees Conrad Schmitt, Charles Sackett, Daniel Martin, and Michael Juneau (collectively plaintiffs). We have concluded that 28 U.S.C. § 1447(d) bars us from reviewing the order of remand. Accordingly, we dismiss the appeal from that order. We have jurisdiction, however, to review that portion of the order awarding attorney's fees, and we reverse it.

## FACTS

On June 19, 1985, plaintiffs filed this action in the Superior Court of the State of California for the County of San Diego. The complaint named INA, DOES 1 through 10, and DOE CORPORATIONS 1 through 10 as defendants. The complaint sought compensatory and punitive damages for breach of a bond agreement, breach of a covenant of good faith and fair dealing, fraud, and constructive fraud.

On December 13, 1985, INA filed an answer to the complaint and a cross-complaint for indemnity and reimbursement against plaintiffs Juneau and Martin. Both sides thereafter conducted discovery.

On September 17, 1987, the scheduled trial date, counsel for both sides appeared in the master calendar department of the superior court. The court continued the matter because no courtroom was then available. On December 15, 1987, the matter was assigned to a trial department. When counsel for plaintiffs and INA appeared before the trial judge, they announced that they were ready for trial and submitted motions in limine. No other defendants appeared, either in person or through counsel.

On December 16, 1987, INA filed a petition for removal in the United States District Court for the Southern District of California and served a copy of the petition on the plaintiffs and the superior court. To support federal jurisdiction, INA alleged that diversity of citizenship existed between plaintiffs and INA and that the amount in controversy exceeded $10,000. Later that day, when the state court judge called the matter and began to rule on the parties' respective motions in limine, counsel for INA informed the judge that a petition for removal had been filed, whereupon the state court stayed any further proceedings.

Plaintiffs immediately filed a motion in the district court to remand the matter to state court. The following day, December 17, 1987, the district court held a hearing on plaintiffs' motion. During these proceedings, the district court judge questioned the timeliness of the petition for removal. The court stated: "I think you [INA] could have removed it a long time ago." Counsel for INA responded that under this court's decision in *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987) (en banc), *modified*, 844 F.2d 602 (9th Cir.1988) (en banc), the matter first became removable on December 15, 1987, when the plaintiffs announced ready for trial without having served any of the potentially nondiverse DOE defendants.

The district court judge stated that he was inclined to remand the matter to state court but would continue the hearing until December 21, 1987, to afford INA additional time to submit written opposition to the motion for remand. The district court suggested that INA address whether its petition for removal was timely and whether it had waived the right to remove by participating in the state court proceedings.

On December 21, 1987, the district court conducted further proceedings on plaintiffs' motion for remand. After hearing additional argument, the district court ordered the matter remanded to state court and awarded attorney's fees to plaintiffs in the amount of $750. The next day, December 22, 1987, the district court entered its written Opinion and Order remanding the matter to state court on the grounds that INA's petition for removal was untimely and that INA had waived its right to remove the case when it "voluntarily subjected itself to the jurisdiction of the state court by filing its permissive cross-complaint in December 1985."

Later the same day, INA filed a petition for writ of mandamus in this court, seeking relief from the district court's order of remand. By order entered January 5, 1988, a motions panel of this court denied INA's petition on the ground that INA had an adequate remedy by way of direct appeal. The panel elected to construe the petition as a notice of appeal, fixed an expedited briefing schedule, and stayed the district court's order of remand pending disposition of the present appeal.

By order entered January 21, 1988, the same panel declared: "The question of jurisdiction, provisionally decided by the motions panel, is referred to the merits panel. The parties shall address the issue in their remaining briefs."

## DISCUSSION

### I. DOES THIS COURT HAVE JURISDICTION OVER INA'S APPEAL FROM THE DISTRICT COURT'S REMAND ORDER?

As noted above, the motions panel denied INA's petition for writ of mandamus on the ground that relief was available by means of appeal. The motions panel stated: "The district court's order remanding the case to state court was based upon a theory of waiver or estoppel. That determination is subject to review on appeal. *See Clorox v. United States District Court*, 779 F.2d 517 (9th Cir.1985). Because petitioner has an adequate remedy by way of direct appeal, the writ of mandamus is denied."

As the panel assigned to adjudicate the merits of this appeal, we must determine for ourselves whether we have jurisdiction to hear the matter. We are not bound by the motions panel's summary determination that relief is available to INA by means of direct appeal. *See Schlegel v. Bebout*, 841 F.2d 937, 941 (9th Cir.1988) ("While we give deference to motions panel decisions made in the course of the same appeal, this court has an independent duty to decide whether we have jurisdiction."); *United States v. Houser*, 804 F.2d 565, 568–69 (9th Cir.1986) (merits panel must decide whether it has jurisdiction and is not bound by motions panel's summary denial of motion to dismiss appeal for lack of jurisdiction). Moreover, in its subsequent order dated January 21, 1988, the motions panel expressly stated that "[t]he question of jurisdiction, provisionally decided by the motions panel, is referred to the merits panel." Accordingly, we proceed to consid-

er de novo our jurisdiction to entertain INA's appeal.

■ Under 28 U.S.C. § 1447(c) (1982), a district court must remand any case that has been removed "improvidently and without jurisdiction."[1] With one exception not relevant here, an order of remand issued pursuant to section 1447(c) is "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (1982); *see Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c)"); *Kunzi v. Pan American World Airways, Inc.,* 833 F.2d 1291, 1293 (9th Cir.1987) (same). Such an order is immune from review even if the district court erred in determining that the case was removed improvidently and without jurisdiction. *Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589; *Kunzi,* 833 F.2d at 1293.

In cases where the basis or authority for remand is unclear, we look to the substance of the order to determine whether it was issued pursuant to section 1447(c). A remand order issued pursuant to section 1447(c) is immune from appellate review even if the district court does not expressly state that the matter was "removed improvidently and without jurisdiction." *Kunzi,* 833 F.2d at 1293.

A remand order based on the untimeliness of a petition for removal is within the purview of section 1447(c). *See State Farm Mut. Auto. Ins. Co. v. Baasch,* 644 F.2d 94, 96 (2d Cir.1981) (dismissing, for want of appellate jurisdiction, appeal from district court order remanding action on ground of untimely removal); *London v. United States Fire Ins. Co.,* 531 F.2d 257, 260 (5th Cir.1976) ("[T]he failure to comply with the statutory time requirements is the sort of defect which the District Court was entitled to consider and which caused this case to be improvidently removed within the meaning of § 1447(c), and accordingly

§ 1447(d) divests this Court of jurisdiction to hear this appeal."); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 213 (N.D.Fla.1983) (untimely removal is "improvident" under section 1447(c)); *Kaib v. Pennzoil Co.,* 545 F.Supp. 1267, 1269 (W.D.Pa.1982) ("An improvident removal is one that is legally defective, such as failure to comply with the time requirements....").

Likewise, an order remanding a case on the ground that the defendant waived the right to remove by seeking relief in the state court is governed by the requirements of section 1447(c). *See In re Weaver,* 610 F.2d 335, 337 (5th Cir.1980) (district court order remanding case on ground that petitioner had sought relief in state court was an order pursuant to section 1447(c), even though district court did not refer to section 1447(c) or mention phrase "removed improvidently and without jurisdiction"), *cited with approval in Kunzi,* 833 F.2d at 1294 n. 7.; *see also Paris v. Affleck,* 431 F.Supp. 878, 879, 880–81 (M.D.Fla.1977) (where defendant had waived right to remove, removal was improvident and matter would be remanded).

The district court in the instant matter expressly cited section 1447(c) and, as noted above, explained that remand was required because the petition was untimely and INA had waived its right to remove. The district court expressed its conclusion that the petition for removal was untimely as follows:

This case was filed in state court in June 1985, and INA was served in November 1985. *Bryant,* however, was not decided until November 6, 1987. Therefore, to argue that *Bryant* precluded removal until now ignores the two years prior to *Bryant* that this case was pending in the state court. During that two year period, INA could have attempted to remove the case.

As an alternative basis for ordering remand, the district court stated:

---

**1.** Section 1447(c) provides:
If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment

of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

INA voluntarily subjected itself to the jurisdiction of the state court by filing its permissive cross-complaint in December 1985. This court holds that the filing of the cross-complaint constitutes a waiver of any right INA had to remove the case that [*sic*, at] that time.

The district court ordered that a certified copy of its Opinion and Order be mailed by the court's clerk to the clerk of the state court, as required under section 1447(c). *See* note 1 *supra*. The district court's citation to the statute and its direction that the clerk follow the procedures specified therein provide further support for the conclusion "that the court was in fact remanding the case pursuant to that statute." *Kunzi*, 833 F.2d at 1293 (remand order cited section 1447(c) and referred to the procedure for sending a copy of the order to the state court). Because the court below ordered remand pursuant to section 1447(c), section 1447(d) bars this court from reviewing the order by appeal or otherwise.

INA argues that the district court's order is appealable under *Clorox Co. v. United States District Court*, 779 F.2d 517 (9th Cir.1985). We disagree.

In *Clorox*, the plaintiff instituted a state court action alleging several claims under the employee welfare benefit plan operated by defendant Clorox. Clorox removed the action to federal district court, alleging the existence of a federal question. Plaintiff then moved the district court to remand the matter to state court on the ground, *inter alia*, that "Clorox expressly waived its right to removal by stating in its employee handbook that suits may be filed in state or federal court." *Id.* at 519. The district court granted the motion to remand, "finding that statements made in an employee handbook estopped Clorox from asserting its right to removal." *Id.*

We found the order of remand to be appealable in *Clorox* because the order was based on the court's interpretation of the employee handbook. *Id.* at 520. We noted that section 1447(d) "bar[s] review of only those remand orders which are based on a lack of jurisdiction," i.e. remand orders issued pursuant to section 1447(c). *Id.* Section 1447(d) does not bar review of remand orders that are "based on a resolution of the merits of some matter of substantive law 'apart from any jurisdictional decision,'...." *Id.* (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276 (9th Cir.1984)); *accord Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 866 (9th Cir.1987) (citing *Clorox* and *Pelleport*) ("The [remand] order is not reviewable by appeal since it did not resolve a matter of substantive law."); *Survival Systems v. United States District Court*, 825 F.2d 1416, 1418 (9th Cir.1987) (citing *Clorox* and *Pelleport*) ("We have held that a remand order may be reviewed on appeal as a final collateral order under 28 U.S.C. § 1291 if the order resolves the merits of a matter of substantive law apart from any jurisdictional decision."), *cert. denied*, —— U.S. ——, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988); *Pelleport*, 741 F.2d at 277 (holding that section 1447(d) did not bar appellate review of remand order premised on district court's decision that parties' forum selection clause was enforceable).

INA contends that the rule stated in *Clorox* is applicable to the matter before us because the court below premised its remand order on a finding that INA had waived its right of removal. The critical distinction, however, is that the district court in *Clorox* based its finding of waiver on an adjudication of the merits of an issue presented in that case, i.e., whether the employee's handbook authorized the plaintiff to select the forum. We concluded in *Clorox* that because the remand order construed a provision in the employee handbook, the district court's decision was premised on a determination of the parties' *substantive* rights. The order was appealable "because Congress did not intend to preclude review of a decision on the merits simply because it preceded a remand order." *Price v. PSA, Inc.*, 829 F.2d 871, 874 (9th Cir.1987).

Here, in contrast, the district court based its finding of waiver on an examination of the state court's docket entries. The district court in the present case did not re-

solve any substantive matter concerning the merits of the dispute.

Where, as here, the district court concludes that the defendant waived its right of removal by participating in the state court action, the remand order falls within the bounds of section 1447(c) and is not reviewable by appeal or otherwise. *See In re Weaver*, 610 F.2d at 337. Moreover, in the matter *sub judice*, the district court ordered the remand because the petition was untimely. As discussed above, a remand order based on untimeliness is likewise not reviewable. Because the district court's remand order is not reviewable, we express no opinion as to the validity of the court's determination of waiver or untimeliness.

This matter is also distinguishable from those cases in which we have reviewed a district court order remanding pendent state-law claims. *See, e.g., Price; Scott v. Machinists Automotive Trades Dist. Lodge No. 190*, 827 F.2d 589 (9th Cir.1987); *Survival Systems*. The district court has discretionary authority, apart from section 1447(c), to order remand of state-law claims when it determines that exercising pendent jurisdiction over such claims would be inappropriate. *See Carnegie–Mellon Univ. v. Cohill*, —— U.S. ——, 108 S.Ct. 614, 621 n. 11, 622, 98 L.Ed.2d 720 (1988). Since such an order is not issued pursuant to section 1447(c), section 1447(d) does not bar review thereof. *See Price*, 829 F.2d at 874 (appellate court may review by petition for writ of mandamus remand order premised on district court's perceived discretion to remand state-law claims, because such an order is "not a mandatory remand under § 1447(c)"); *Scott*, 827 F.2d at 592 (discretionary remand of pendent state-law claims did not involve determination that case had been removed "improvidently and without jurisdiction"); *Survival Systems*, 825 F.2d at 1418 (reviewing discretionary order remanding state-law claim following entry of summary judgment on federal claims).

Unlike the discretionary orders issued in *Price, Scott,* and *Survival Systems,* remand of the present case became mandatory under section 1447(c) once the district court determined that INA's petition for removal was untimely. *See Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) ("[T]he time limit [for removal under section 1446(b)] is mandatory and a timely objection to a late petition will defeat removal...."); *Percell's Inc. v. Central Tel. Co.,* 493 F.Supp. 156, 157 (D.Minn.1980) (citing *United States ex rel. Walker v. Gunn,* 511 F.2d 1024 (9th Cir.), *cert. denied,* 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975)) (the time limitations of section 1446(b) "are mandatory and are to be strictly construed when asserted by a party"). Because the remand ordered in the present case was "a mandatory remand under § 1447(c)," *Price,* 829 F.2d at 874, the order is not reviewable by appeal or otherwise.

## II. DOES THIS COURT HAVE JURISDICTION OVER INA'S APPEAL FROM THE DISTRICT COURT'S ORDER AWARDING ATTORNEY'S FEES TO PLAINTIFFS?

█ The fact that section 1447(d) bars review of the district court's order of remand does not affect our jurisdiction to review that portion of the district court's order awarding attorney's fees to the plaintiffs. Under 28 U.S.C. § 1291 (1982), we have jurisdiction to hear "appeals from all final decisions" of the district court. A district court decision is "final" when it "completely and finally dispose[s] of the only claim before that court." *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528 (9th Cir.1985).

In *Playtime Theaters, Inc. v. City of Renton,* 748 F.2d 527 (9th Cir.1984), *rev'd on other grounds,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986), the district court remanded the matter to state court and, in an oral ruling, denied plaintiff's request for attorney's fees in connection with the improper removal. *Id.* at 538 & n. 20. We noted that because the remand order had been entered, "no further proceedings could have existed in federal court," and we treated the district court's denial of fees as "the final decision in the case." *Id.* at 538 n. 20; *see also Cornwall v. Robinson,* 654 F.2d 685 (10th Cir.1981) (reviewing

district court's award of attorney's fees under section 1447(c)).

The district court's award of attorney's fees in the present case completely and finally disposed of all claims before the court. No further proceedings will be held in the district court. We conclude, therefore, that we have jurisdiction to review that portion of the district court's order awarding attorney's fees to plaintiffs.

## III. DID THE DISTRICT COURT ERR IN AWARDING ATTORNEY'S FEES TO PLAINTIFFS?

■ Section 1447(c) authorizes the district court to award "just costs" in connection with its remand order. *See* note 1 *supra.* Such costs may include attorney's fees. *See Osborne v. Osborne,* 554 F.Supp. 566, 569 (D.Md.1982) (awarding attorney's fees where defendant's removal attempt was "meritless"), *dismissed without op.,* 707 F.2d 508 (4th Cir.1983); *Ralphs Grocery Co. v. Meat Cutters Union Local No. 421,* 379 F.Supp. 281, 283 (C.D.Cal.1973) (awarding attorney's fees after second improvident removal attempt). *But see* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739, at 587–88 (1985) (amendment to section 1447(c) would be necessary to authorize district courts to award attorney's fees in connection with remand).

An award of attorney's fees is inappropriate, however, where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith. *See Cornwall,* 654 F.2d at 687 (reversing award of attorney's fees where, although removal was improvident and frivolous, district court did not find bad faith); *Solorzano v. American Nat'l Ins. Co.,* 609 F.Supp. 144, 146 (C.D. Cal.1985) (although removal was improper, sanctions were not warranted, in part because defendant's position was legally supported); *Zoyoipoulos v. Palombo,* 584 F.Supp. 867, 868 (D.Colo.1984) (no attorney's fees where no showing that defendant had filed petition for removal in bad faith); *Schmidt,* 562 F.Supp. at 215 (same).

In the present case, INA's position that its petition for removal was timely finds some support in the authorities. Counsel for INA, relying on the "unequivocal abandonment" rule announced in *Bryant,* reasonably argued that this matter did not become removable until the commencement of trial in state court on December 15, 1987. *See Bryant,* 832 F.2d at 1083 & n. 5 (removal is premature if attempted before "all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court") (unequivocal abandonment of Doe defendants "occurs in only two situations: (1) where the plaintiff drops the Doe defendants from the complaint or (2) where the trial commences without service of the Doe defendants"). The district court's rejection of counsel's argument does not, in and of itself, demonstrate that INA's contentions were made in bad faith.

The authorities also provide some support for INA's position that plaintiffs' earlier filing of an at-issue memorandum, which stated that all necessary parties had been served, did not trigger the 30–day time period for filing a petition for removal. *See Solorzano,* 609 F.Supp. at 146 (filing of at-issue memorandum did not constitute abandonment of unserved DOE defendants where "plaintiff clearly evinced an intent not to abandon her claim against Doe defendants at the time she filed the At–Issue Memorandum"); *Goodman v. Travelers Ins. Co.,* 561 F.Supp. 1111, 1113 (N.D.Cal. 1983) (declaration in at-issue memorandum does not constitute final dismissal of fictitious defendants in state court, so it should not be considered determinative of plaintiff's intent concerning unserved DOE defendants).

In light of the foregoing authorities and the absence of a finding by the district court that INA acted in bad faith when it petitioned for removal, we conclude that the award of attorney's fees to plaintiffs was erroneous.

## IV. CONCLUSION

INA's appeal from the district court's remand order is DISMISSED for lack of

jurisdiction. The district court's award of attorney's fees is REVERSED. Each party shall bear its own costs.