**ALLEGHANY CORPORATION, et al., Petitioners,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondents,**

and

**Frank M. Singer, Real Party in Interest.**

No. 89–70270.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 1989.

Decided Aug. 4, 1989.

Before TANG, PREGERSON and KOZINSKI, Circuit Judges.

## ORDER

The petition for writ of mandamus, seeking review of the district court's order remanding this action to state court, is dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1447(d); *Schmitt v. Insurance Co. of North America,* 845 F.2d 1546, 1549 (9th Cir.1988). The district court remanded this action on the ground that the petitioner had not complied with the statutory time limitations governing removal set forth in 28 U.S.C. § 1446(b).

28 U.S.C. section 1447(d), however, bars appellate review of orders remanding a case to state court unless the order is based on a ground "wholly different" from the grounds authorized by the removal statute. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 344, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). A remand order based on a petitioner's failure to comply with section 1446(b)'s time limitation is not based on a ground "wholly different" from the grounds for remand authorized by section 1447(c). Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction.