113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry L. MATHERLY, Petitioner-Appellant/Cross-Appellee,
v.
LAS VEGAS VALLEY WATER DISTRICT, Respondent-Appellee/Cross-Appellant.
 Nos. 96-16807, 96-16808.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-96-00024-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry L. Matherly appeals from the district court's order denying his request for attorney fees under 28 U.S.C. § 1447(c). Las Vegas Valley Water District ("the Water District") cross-appeals the district court's order awarding Matherly costs in the amount of $392.75. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and reverse in part.
 
 
 3
 We review the district court's denial of attorney fees under 28 U.S.C. § 1447(c) for an abuse of discretion. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir.1992).
 
 
 4
 Matherly contends that the district court abused its discretion by applying the incorrect legal standard in determining whether to award attorney fees. This contention lacks merit.
 
 
 5
 A district court has discretion to award "just costs," including attorney fees, to a plaintiff who successfully moves to remand. See 28 U.S.C. § 1447(c).[1] The awarding of costs and attorney fees is inappropriate where the defendant's attempt to remove the case to federal court was fairly supportable. See Schmitt v. Insurance Co. of North America, 845 F.2d 1546, 1552 (9th Cir.1988). The district court applied this standard and found that the Water District's removal attempt was fairly supportable because Matherly's Petition for Judicial Review and for a Writ of Mandamus asserted numerous federal constitutional questions. See 28 U.S.C. § 1441 (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" is removable); see also Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir.1996) (noting that federal jurisdiction may lie over a state law claim if it appears that resolution of a substantial question of federal law is a necessary element of one of the claims). Because the district court applied the correct legal standard, and the record contains evidence on which the district court rationally could have based its decision, the denial of Matherly's request for attorney fees was not an abuse of discretion. See Moore, 981 F.2d at 447 (stating that while our inquiry requires us to look at the district court's reasons for ordering remand, "such consideration does not amount to impermissible review of the remand order").
 
 
 6
 The Water District contends on cross-appeal that the district court abused its discretion by awarding Matherly's costs in the amount of $392.75. We agree. Because the district court found that the Water District's attempt to remove was fairly supportable, the award of Matherly's costs was inappropriate.[2] See Schmitt, 845 F.2d at 1552.
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Water District contends that the district court lacked jurisdiction to grant Matherly's costs and attorney fees after entry of the remand order. This contention is contrary to the law. See Moore, 981 F.2d at 447; see also United States v. Camper, 63 F.3d 229, 232 (9th Cir.1995) (holding that a panel of this court not sitting en banc lacks authority to overturn Ninth Circuit precedent)
 We also reject as contrary to established law the Water District's contention that the district court could not award attorney fees because Matherly has incurred no obligation to pay those fees. See Gotro v. R & B Realty Group, 69 F.3d 1485, 1487-88 (9th Cir.1995); Camper, 63 F.3d at 232.
 
 
 [2]
 Contrary to the district court's finding, the Water District opposed Matherly's motion for expenses, costs, and attorney fees in its entirety. Therefore, the district court could not grant Matherly's costs on the ground that the Water District waived the issue