**Kelly CROWE, Plaintiff–counter–defendant–Appellee,**

v.

**LUCKY STORES, INC., Defendant–counter–claimant–Appellant.**

No. 99–16469.

D.C. No. CV–98–02375–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted May 17, 2001.[*]

Decided May 29, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SNEED, SILVERMAN, Circuit Judges, and LASNIK**, District Judge.

MEMORANDUM ***

Pro se plaintiff/appellee Kelly Crowe ("Crowe") filed suit in California state court alleging five separate causes of action arising from the termination of his employment by Defendant/Appellant Lucky Stores ("Lucky"). Lucky removed the case to federal court and moved to dismiss for failure to state a claim. Before the district court had ruled on Lucky's motion to dismiss, Lucky filed a counterclaim against Crowe in federal court. Lucky's counterclaim asserted an independent basis for federal jurisdiction.

The district court dismissed Crowe's third and fifth causes of action and remanded his remaining claims back to state court. Lucky appeals both the remand order and the district court's refusal to dismiss the remaining claims.

We dismiss the petition for lack of jurisdiction.

A.  *Remand*

28 U.S.C. § 1447 governs removal and remand procedures in the district court. Section 1447(c) specifically provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A district court's decision to remand for lack of jurisdiction is immune from appellate review. 28 U.S.C. § 1447(d) ("[A]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .").

The district court, in the present case, remanded the controversy after finding it lacked subject matter jurisdiction to hear Crowe's remaining claims. The district court's order states: "The defendant's filing of a counterclaim does not change the analysis of jurisdiction; all of the remaining claims are state law claims." This order is not reviewable on appeal. *Kunzi v. Pan American World Airways, Inc.*, 833 F.2d 1291, 1295 (9th Cir.1987) ("[A] remand order . . . cannot be reviewed if it is based on the grounds that the court lacks jurisdiction—even if the court's jurisdictional analysis was erroneous."); *Hansen v. Blue Cross of California*, 891 F.2d 1384 (9th Cir.1989) ("Section 1447(d) precludes review of a district court's jurisdictional decision even if it was clearly wrong.").

***

** The Honorable Robert S. Lasnik, District Judge, United States District Court for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Lucky contends that § 1447(d) should not bar this appeal. Lucky argues that the district court was compelled to accept jurisdiction over its counterclaim because the counterclaim asserted an independent cause of action based on a federal question. Whether the district court correctly held that it lacked jurisdiction is beside the point.[1] The remand order was unmistakably based on the district court's conclusion that it lacked jurisdiction over the controversy. Even an erroneous remand order is immune from appellate review when, as was the case here, the order is based on jurisdictional grounds.

## B. *Motion to Dismiss*

Lucky also appeals the district court's denial of its motion to dismiss Crowe's remaining claims. It is well established that a denial of a motion to dismiss is not a final order within the meaning of 28 U.S.C. § 1291 and is therefore not immediately reviewable. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California,* 130 F.3d 1342, 1346 (9th Cir.1997). No exception to this black letter rule of law applies to the present appeal.

DISMISSED for lack of jurisdiction.

---

1. We nevertheless note that the district court was correct when it concluded that the pleading of a federal counterclaim was insufficient to create removal jurisdiction in the federal court. *Takeda v. Northwestern National Life Insurance Co.,* 765 F.2d 815, 821 (9th Cir. 1985) ("[R]emovability cannot be created by defendant pleading a counterclaim presenting a federal question.") (citations omitted); *Memorial Hospital for Cancer and Allied Diseases v. Empire Blue Cross and Blue Shield,* 1994 WL 132151 *4 (S.D.N.Y.) ("[T]here is simply no authority to support [the] assertion" that a federal court must retain jurisdiction over a federal counterclaim.).